The State *vs.* Garner.

8p 447
134 196

## THE STATE *VS.* GARNER.

1. The statute makes the value of property, maliciously injured or destroyed, the basis of the verdict under an indictment; and permits the jury to go to the extent of four fold its value; and the fine thus assessed is for the benefit of the injured party.

2. An indictment, therefore, for maliciously injuring or destroying property, should contain an averment of the value of the property injured or destroyed.

Error to the Circuit court of Montgomery.

Indictment for malicious mischief, tried by Judge. *A. Martin.*

This was an indictment against the defendant, for malicious mischief, in killing a mare, the property of one Henry Cannon.

Issue being joined on the plea of not guilty, the jury found a verdict against the defendant, of 'two hundred dollars.

A motion was made in arrest of judgment, on the ground that the value of the mare charged in the indictment to have been maliciously killed by the defendant, was not averred in the indictment; which motion, the court overruled, but reserved the point for the revision of this court, as one of novelty and difficulty.

*Attorney General,* for the State.

ORMOND, J.—The statute on which this indictment is founded, is to the following effect:

The State *vs.* Garner.

" From and after the passage of this act, any person or persons, who shall unlawfully, maliciously and wilfully, kill, wound, or disable any horse, mare or gelding, colt or filly, jack, jennet or mule, or any goat, sheep or cattle, or any hog, or live stock, of any kind or description whatever, belonging to any other person or persons, or shall, &c.; every person or persons so offending, shall, on conviction of any of the aforesaid offences, by sufficient and satisfactory testimony, in any Circuit court having jurisdiction of the same, be fined in such sum as the jury trying the same may assess, not exceeding four fold the value of the property injured or destroyed, and imprisoned in the common jail of the county, any length of time, at the discretion of the jury trying the case; which fine shall be paid to the party injured."

In indictments for larceny, it is necessary to allege the value of the property stolen; not only to designate whether the offence is grand or petit larceny, but also because the owner is entitled to restitution, of the value of the goods stolen, if the goods themselves cannot be had. It would seem that the same reason would hold in this case. The statute makes the value of the property maliciously injured or destroyed, the basis of the verdict, and permits the jury to go to the extent of four fold its value; and the fine thus assessed, is for the benefit of the injured party.

It is, therefore, a *quasi* civil proceeding, prosecuted by the State for the benefit of the person whose property has been thus maliciously injured or destroyed, and it would be more conosnant to the rules of pleading, and to the principles which govern analagous cases, that the

indictment should contain an averment of the value of the property. For this defect, the judgment should have been arrested. The judgment of the court below is therefore reversed.