## Caldwell *v.* The State.

### *Indictment for Malicious Injury to Animal.*

1. *Venue, statement of, in indictment.* — The omission of the word *county* in the body of an indictment, when the name of the county is properly stated in the caption, is a mere clerical misprision.

2. *Malicious injury to animals; sufficiency of indictment.* — In an indictment for maliciously disabling or injuring an animal, the property of another (Rev. Code, § 3733), it is not necessary to aver the value of the animal.

FROM the Circuit Court of Coffee.

Tried before the Hon. J. McCALEB WILEY.

The indictment in this case was in these words: —

" The State of Alabama, }            Circuit Court,
" Coffee County.          }            Spring Term, 1871.

" The grand jury of said charge, that Champ Caldwell, before the finding of this indictment, unlawfully and maliciously disabled or injured a cow, the property of John Harrison, against the peace," &c.

The defendant demurred to the indictment, " because it does not show that the grand jury who found the bill was the grand jury of Coffee County ; and because there was no value averred as to the property disabled." The court overruled the demurrer, and its action is the only matter here presented for revision.

No counsel appeared for the prisoner.

BEN. GARDNER, Attorney General, for the State.

[Nettles v. State.]

PECK C. J. — The omission of the word " county," as it appears in the body of this indictment, was, manifestly, a mere clerical misprision ; but as the name of the county in which the indictment was found is stated in the caption, the omission was no cause of demurrer. Rev. Code, § 4111.

2. An indictment under section 3733 (R. C.) for unlawfully and maliciously disabling or injuring an animal, the property of another, need not state the value of the animal. The said section does not require it, nor does it make the punishment in any manner to depend upon the value of the animal injured ; if it did, then it would be necessary to state the value in the indictment. *The State* v. *Goree*, 8 Porter, 447.

Let the judgment be affirmed, at the appellant's cost.