# Adams *v*. The State.

### Indictment for Larceny of Cow.

1 *Statement of value and time in indictment.*—In an indictment for the larceny of a cow, found in April, 1877, it is not necessary to aver the value of the animal, nor that the offense was committed after the 20th February, 1875; since the statute approved on that day (Code of 1876, § 4358) makes the offense grand larceny without regard to value, and a prosecution for petit larceny, committed before that day, would be barred by the statute of limitations.

FROM the Circuit Court of Hale.

Tried before the Hon. GEORGE H. CRAIG.

The indictment in this case was found at the April term, 1877, and contained but a single count, which charged that Henry Adams and Emanuel Black, "before the finding of this indictment, feloniously took and carried away a cow, the personal property of Albert Marcey." Henry Adams, being on trial alone, demurred to the indictment—"1st, because the value of the property alleged to have been stolen is not alleged; and, 2d, because the indictment does not allege that the offense was committed before or since the passage of the act of February 20, 1875." The court overruled the demurrer, and the defendant then pleaded not guilty. The verdict of the jury was, "Guilty as charged in the indictment;" and the court thereupon sentenced the defendant to hard labor for the county for two years, and an additional term to cover the costs, at the rate of fifteen cents per day.

THOS. J. SEAY, for the defendant.—As an indictment for petit larceny, or larceny committed prior to the passage of the act of February 20, 1875, an averment of the value of the animal was indispensable to its validity; and as an indictment for grand larceny under the act of February 20, 1875, an averment that the offense was committed after that day was equally indispensable. Under a general verdict of guilty, the court could not know what judgment to render. For analogous cases, see *Harris v. The State*, 50 Ala. 127; *McIntyre v. The State*, at the last term.

JOHN W. A. SANFORD, Attorney-General, for the State.—A conviction could only be had, under the indictment, under the act approved February 20, 1875; and under that act no averment of value is necessary, since the offense is grand

larceny without regard to value.—*Sheppard v. The State*, 42 Ala. 531-2.

MANNING, J.—Defendant demurred to the indictment, because it charged him with having stolen a cow, without specifying any value, or averring that the offense was committed after the statute of February 20, 1875, making the offense grand larceny without regard to value. In cases of larceny, an allegation of the value of the property stolen is generally essential, in order that the record may show what penalty the court has authority to adjudge against the offender, upon his pleading "guilty," or upon the rendition of a verdict of "guilty" against him. And in the case of an offense, for which the penalty has been increased by a recent enactment, it is advisable, and may in some instances be necessary, to allege also that it was committed since the statute went into operation.—See Bish. on Cr. Pro. (2d ed.), §§ 77, 538 *et seq.; The State v. Garner*, 8 Port. 447 ; *Sheppard v. The State*, 42 Ala. 531. In all the forms for indictments in cases of larceny, furnished by our several Codes, the averment of value is contained. But, where the grade of the crime does not depend upon the value of the thing stolen, it is not always necessary that this value should be alleged in the indictment.—1 Bish. Cr. Pr. § 567 ; *Sheppard v. The State, supra ; Clark v. People*, 1 Scammon, 117 ; *Lopez v. The State*, 20 Texas, 780. And under the statute of February 20, 1875, the stealing of cattle is made grand larceny without regard to value. Hence, an indictment, not alleging such value, may be good.

It is supposed, however, since this was not so until the passage of the act of February, 1875, that an indictment, which does not contain that averment, ought to allege that the offense was committed after the statute went into operation ; else it cannot be known by the record, upon a verdict of " guilty," whether the offense was petit or grand larceny. The answer to that is, the defendant could not be indicted in the spring of 1877, for a petit larceny committed two years before. This is prohibited by the statute, which bars prosecutions for misdemeanors after one year.—Code of 1876, § 4644 (3952). And a conviction under the present indictment must, therefore, necessarily be of the offense of grand larceny, under the act of 1875, the penalty for which is prescribed by law.

We are of opinion that the demurrer to the indictment was properly overruled.

Let the judgment of the Circuit Court be affirmed.