# Glenn *v.* The State.

*Indictment for Removing or Selling Mortgaged Property.*

1.  *Sufficiency of indictment.*—An indictment which charges that the defendant "did remove, conceal, or sell a horse, the personal property of A. H., for the purpose of hindering, delaying, or defrauding the said A. H., who had a claim to said horse under a written instrument, to-wit: a mortgage, he, the said defendant, then and there having knowledge of the existence of said written instrument or mortgage" (Code of 1876, § 4353), is sufficiently definite and certain.

2.  *Verdict of guilty, under indictment containing good and bad counts.*—Under an indictment containing several counts, one of which is good, no demurrer being interposed to the others, a general verdict of guilty will be referred to the good count, and the conviction will be sustained.

3.  *Abstract charge.*—A charge requested, which is based, partly or entirely, on a fact of which there does not appear to have been any evidence whatever, is abstract, and properly refused on that account.

FROM the Circuit Court of Marshall.

Tried before the Hon. LOUIS WYETH.

The indictment in this case contained three counts. The first count was in these words : " The grand jury of said county charge that, before the finding of this indictment, William F. Glenn did remove, conceal, or sell a horse, the personal property of Albert Henry, for the purpose of hindering, delaying, or defrauding the said Albert Henry, who had a claim to said horse under a written instrument, to-wit : a mortgage ; he, the said William F. Glenn, then and there having knowledge of the existence of said written instrument or mortgage ; against the peace," &c.   There was no demurrer to the indictment.   The defendant pleaded not guilty, and issue was joined on that plea.   The jury returned a verdict of guilty, and the court thereupon sentenced the defendant to imprisonment in the penitentiary for the term of two years.   On the trial, the defendant reserved a bill of exceptions to the refusal of a charge asked by him in writing, which requires no special notice.   After conviction, he made a motion for a new trial, and also moved in arrest of judgment, on account of the insufficiency of the indictment ; and reserved exceptions to the overruling and refusal of these motions.

No counsel appeared in this court for the prisoner, so far as the record and docket show ; and no brief is on file.

JOHN W. A, SANFORD, Attorney-General, for the State,

STONE, J.—No assignment of errors, or brief of counsel, has been furnished for appellant in this cause; and we are left to examine the records ourselves, to ascertain if the Circuit Court committed any error, to the prejudice of the prisoner. We think the first count of the indictment clearly good, for it contains all that is requisite to constitute the statutory offense.—Pamph. Acts 1874–5, p. 259. That count being good, and the verdict of the jury a general finding, that finding must be referred to the good count.—1 Brick. Dig. 501, § 761. Hence, we need not inquire whether the second and third counts are good.

The charge refused, to which an exception was reserved, postulates at least one fact, of which the record contains no evidence. The charge asked is, "If the jury believe, from the evidence, that at the time the defendant fled from the county, he had not formed the design to defraud, hinder, or delay his creditors; but that subsequent thereto, and *when in Cherokee*, Alabama, such design or intention was formed, and consummated in the State of Georgia," &c. There is no evidence that defendant was, at any time, in Cherokee county. "A charge based, partly or entirely, on a state of facts of which there does not appear to have been any evidence, is abstract, and should for that reason be refused;" and the court does not inquire whether such statement of fact, stated without evidence to support it, is material or not.—1 Brick. Dig. 338, § 41.

The Circuit Court did not err in refusing to give the charge, and its judgment is affirmed.