# May *v.* The State.

*Indictment for Arson.*

1. *Ownership of building burned; whether to be laid in husband or wife.* In an indictment for the burning of a corn-pen containing corn (Code, § 3783), the ownership is properly laid in the wife, when it is shown that she raised and gathered the corn, and built the pen, during the absence of her husband in another State, on land which belonged to him, but on which she resided.

2. *Sufficiency of indictment; arson in third degree.*—In an indictment for arson in the third degree, it is not sufficient to aver, pursuing the words of the statute (Code, § 3784), that the burning was "under such circumstances as did not constitute arson in the first or second degree," but the facts and circumstances must be stated.

3. *General verdict of guilty, under indictment containing good and bad counts.*—When an indictment contains two counts, one of which is defective, but no demurrer is interposed to it, a general verdict of guilty will be referred to the good count, and the conviction will be sustained.

FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case was found in April, 1888, and
VOL. LXXXV.

[May v. The State.]

contained two counts; the first charging, that the defendant, Anderson May, "willfully set fire to and burned a corn-pen containing corn, the property of Flora Davidson;" and the second, that, "under such circumstances as did not constitute arson in the first or second degree, he did willfully set fire to or burn a corn-pen containing corn, the property of Flora Davidson." There was no demurrer to the indictment, and the cause was tried on issue joined on the plea of not guilty. On the trial, as appears from the bill of exceptions, Flora Davidson, a colored woman, was examined as a witness for the State ,and testified to circumstances which tended to show that the defendant, who had married her daughter, was the person who burned her corn-pen, containing about thirty bushels of corn, one night in November, 1887. She further testified, on cross-examination, that she lived on land which had been entered by her husband, Joe Davidson, as a homestead under the laws of the United States; that her husband was working in Florida, but came home occasionally, the last time previous to the burning being in June, 1887; "that she occupied and cultivated the premises, and had done so all along; that she had the pen built during her husband's absence, and cultivated and gathered the corn which was burned." On this evidence, "the point of contention being," as the bill of exceptions states, "that the ownership of the crib should have been laid in the husband, and not in the wife," the court charged the jury as follows:˙ "If the jury find from the evidence that Flora Davidson is the wife of Joe Davidson, and had the corn-pen built during her husband's absence; and that the corn in the crib was raised by her, and put in the crib; and that she was in possession of the premises,—then the crib was her property, so far as to make it her property as described in the indictment." To this charge the defendant excepted.

The jury returned a verdict in these words: "We, the jury, find the defendant guilty." The defendant thereupon moved in arrest of judgment—1st, "because the jury did not assess the fine or punishment on the defendant;" 2d, "because the indictment contains two counts, one charging a felony, and one a misdemeanor, and the verdict does not specify the offense of which the defendant is found guilty." The court overruled the motion, and sentenced the defendant to imprisonment in the penitentiary for the term of two years and six months.

[May v. The State.]

BOWLES & RABB, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant is indicted for having willfully set fire to and burned a corn-pen containing corn. In the indictment, the ownership is laid in Flora Davidson, who is a married woman. The land, on which the pen is located, was entered by her husband, who is, and has been for some time, employed at work in Florida, coming home occasionally. The wife occupied and cultivated the premises, made and gathered the corn, and had the pen built during his absence. Arson is rather an offense against the possession, than the property, and the possession, not the estate or interest in the property, must be described.—*Adams v. State*, 62 Ala. 177. Flora Davidson having the actual and rightful possession of the pen, and the premises on which it was situate, and the corn, which was her earnings, being under the statute her separate property, ownership in her was properly laid in the indictment.

The statute, defining arson in the third degree, does not prescribe in express terms its constituents, but merely designates the offense.—Code, 1886, § 3784. In such case, it is not sufficient to follow the words of the statute. The circumstances, which reduce the offense to arson in the third degree, should be averred. The second count of the indictment is defective, but was not objected to by demurrer. The first count contains all that is requisite to constitute arson in the second degree. When an indictment contains two counts, one of which is good, and the other defective, and no demurrer is interposed to the defective count, a general verdict of guilty will be referred to the good count, and the conviction sustained.—*Rowland v. State*, 55 Ala. 210; *Glenn v. State*, 60 Ala. 104.

Affirmed.