[Dunklin v. The State.]

# Dunklin *v.* The State.

*Indictment for Unlawfully or Wantonly Injuring or Destroying an Animal.*

1. *Indictment for unlawfully or wantonly injuring animal; sufficiency thereof.*—An indictment which charges that the defendant "unlawfully or wantonly killed, disabled, disfigured, destroyed, or injured a cow, the property of" a certain named person, without averring the value of the injury to the animal so killed, disabled, disfigured or injured, is fatally defective, and will not support a judgment of conviction.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case applied to the Supreme Court for a writ of error. In compliance with the prayer of the petition, the writ of error was awarded. In the transcript of the record certified in response to the writ of error, it is shown that the defendant was tried and convicted under the following indictment: "The grand jury of said county charge that, before the finding of this indictment, Henry, alias Pat Dunklin, unlawfully or wantonly killed, disabled, disfigured, destroyed, or injured a cow, the property of Sallie Reeves, against the peace and dignity of the State of Alabama."

The verdict of the jury was in words and figures as follows: "We the jury find the defendant guilty on his plea of not guilty and assess his fine at fifty dollars, and further find the value of the injury to be ten dollars." Judgment was rendered in accordance with this verdict.

W. P. McGAUGH and THOMAS W. MARTIN, for appellant, cited Code, § 5091; *State v. Garner,* 8 Port, 447; *Sheppard v. State,* 42 Ala. 531; *Caldwell v. State,* 49

Ala. 34; *Adams v. State,* 60 Ala. 52; *Parker v. State,* 111 Ala. 72; *Lucas v. State,* 96 Ala. 51; *Carden v. State,* 99 Ala. 131; *Duvall v. State,* 63 Ala. 12.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—Section 4327 of Criminal Code confers authority upon any one of the judges of this court in vacation, or upon this court in term time, to issue a writ of error, in a criminal cause, to the clerk of the court in which the judgment of conviction was rendered, confining, however, the granting of such writ on some error of law apparent on the transcript of the record. This is the procedure adopted in this case. In the transcript of the record before us, it appears that the defendant was indicted for a violation of section 5091 of the Criminal Code. The indictment contains no averment of the value of the injury to the animal, killed, disabled, disfigured, destroyed or injured. In view of the fact that the fine shall not be less than twice the value of the injury done the animal and that one-half of it shall go to the owner of the property destroyed or injured, this averment was necessary.—*Garner v. The State,* 8 Port. 447; *Caldwell v. The State,* 49 Ala. 34; Bishop on Stat. Crimes, §§ 444, 445; 1 Bish. on Crim. Pro. §§ 540, 567; 2 *Ib.* §§ 48, 177. The indictment being fatally defective, in the omission of averment pointed out, will not support a judgment of conviction.—*Francis v. The State,* 20 Ala. 83, 86; *Hornsby v. The State,* 94 Ala. 63. We must, however, decline to quash it, but will reverse the judgment of conviction and remand the cause, with direction to the trial court to quash, as that court has the authority to order another indictment to be preferred, if it sees proper to do so.—Code, § 4922.

Reversed and remanded.