# Phillips *v.* The State.

## *Manslaughter.*

(Decided Jan. 30, 1912.   57 South. 1033.)

1. *Appeal and Error; Review; Presumption as to Effect.*—Ordinarily the erroneous admission or rejection of evidence constitutes reversible error, although it may sometimes be harmless.

2. *Homicide; Evidence; Dying Declarations.*—Declarations of a deceased made after the injury, but several days before he first stated that he believed he was going to die, were not dying declarations, and not being made in the presence of the accused, and in this instance, not rebutting any evidence introduced by the accused, they were hearsay, and inadmissible.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

William Phillips was convicted of manslaughter and he appeals. Reversed and remanded.

ESPY & FARMER, for appellant. The sentence in this case was erroneous.—*Zaner v. The State,* 90 Ala. 653. The court erred in admitting evidence of the statements made by the deceased, as they were hearsay, and not dying declarations.—6 Enc. of Evi. p. 44; *Welch v. The State,* 156 Ala. 112; See also 156 Ala. 44; Id. 62;

139 Ala. 125; 136 Ala. 221; 131 Ala. 603; 130 Ala. 40; 94 Ala. 55; 89 Ala. 69. Tested by the rules for the admission of dying declarations these statements were not admissible.—*Walker's case,* 52 Ala. 192; *May's case,* 55 Ala. 39.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—It is a well-recognized rule of law that hearsay testimony is, except in certain well-recognized exceptions to the rule, illegal and inadmissible. The reasons for the exclusion of hearsay testimony are also well known, and we will not undertake to set them out. As jurors are, under our system of jurisprudence, the sole triers of the facts, it is essential to the due administration of the law that, in each case, they shall have before them all of the legal testimony which is offered as evidence in the cause, and only such evidence.

While, in exceptional cases, an appellate court is sometimes able to say that the admission by a trial judge of illegal testimony, or the refusal by him to admit legal testimony, was, under the facts disclosed on the trial, harmless, such instances are not usual. Ordinarily erroneous rulings of a trial court in the admission or in the rejection of evidence, if properly reserved for the consideration of an appellate court by the party aggrieved, will work a reversal of the judgment of the trial court. The reason is that an appellate court cannot say, ordinarily, what effect such erroneous ruling had upon the verdict of the jury.—*Frierson v. Frierson,* 21 Ala. 549; *Lawson v. O'Rear,* 7 Ala. 784; *Mobley's case,* 21 Ala. 277; *Thomas v. De Graffenreid,* 27 Ala. 651; 1 Mayfield's Dig., p. 129, § 20.

In the present case the defendant cut the deceased with a knife, and about a week after receiving the wound the deceased came to his death from the wound so inflicted. It does not appear from the record that the deceased was aware of his dangerous condition until four or five days after the difficulty, at which time he stated to his attendants that he was going to die. On the day *after* the difficulty, about three or four days *before* the day on which the deceased announced to his attendants that he believed that he was going to die, Lewis Granger, a neighbor, called upon the deceased, and, according to the evidence of the widow of the deceased, had a conversaion with deceased in her presence. On the trial of defendant for manslaughter in the first degree, the court, against the objection of the defendant, permitted the widow of the deceased to detail that conversation between Granger and deceased to the jury. The defendant was not present, the statements of the deceased were not admissible as dying declarations, and the statements of Granger were not under oath. The entire conversation was mere hearsay, was not in rebuttal of any evidence which the court had allowed to remain before the jury as evidence for the defendant, and was altogether inadmissible. We are not able to affirm that the admission of this evidence was not prejudicial to the defendant, and that its introduction was harmless error.

There are certain other objections to the rulings of the trial court on the evidence; but they may not arise on the next trial of this case, and we will not consider them.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.