# Phillips *v.* The State.

*Bigamy and Unlawful Cohabitation.*

(Decided June 10, 1915.   69 South. 356.)

1. *Criminal Law; Former Jeopardy; Unlawful Cohabitation.*—An acquittal of a defendant under an indictment charging bigamy only could in no way affect a charge brought under section 6389, Code 1907, against the same defendant charging unlawful cohabitation, following a vicious second marriage; the statute denouncing two offenses, that of bigamy, which is indictable and punishable at the place of the second marriage, and that of unlawful cohabitation after the bigamous marriage, which is a separate offense committed where the cohabitation takes place.

2. *Bigamy; Proof of Marriage.*—In prosecutions for bigamy, marriage may be proven by cohabitation and the confessions of the parties; production of the record of the marriage, or the testimony of a witness to it, not being necessary.

3. *Criminal Law; Verdict; Reference to Good Count.*—Where there was a good count in the indictment, good as against any attack made against it, and there is a general verdict of guilty, it will stand and be referred to the good count.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Alf. Phillips was convicted of living with a second wife while his first wife was still living and undivorced, and he appeals. Affirmed.

R. J. HOOTEN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The indictment upon which the defendant was tried in two counts charged the defendant with having unlawfully married and with having continued to cohabit with the second wife while the first wife was living. The defendant interposed a plea of former acquittal under an indictment that charged the defendant with having unlawfully married again while having a wife then living. Trial was had upon this plea and the general issue of not guilty.

There was no conflict in the evidence which showed that the defendant, who lived in Randolph county, Ala., while married to a woman named Ella Phillips, and during the time of his marital relation with her, carried another woman, one Clemmie Higgins, to the state of Georgia, where he married her, and then brought her back to his home in Randolph county and continued to cohabit with her there for a period of about three months. On these facts, under the laws of this state, if the marriage had taken place in Alabama, instead of Georgia, the defendant would have been guilty of two separate offenses; one, that of bigamy, consisting in the unlawful act of contracting a second marriage while the former wife was living, and the second consisting in the continued acts of unlawful cohabitation after contracting the second marriage.

(1) As said by the court in the opinion in *Beggs v. State,* 55 Ala. 108: "Under the statute, as at common law, the offense of bigamy consists in the willful contracting of a second marriage, knowing the former marriage to be subsisting. Cohabitation, consequent on the marriage, is not an ingredient of the offense. It is complete, when the second marriage, if valid, would be complete according to the law of the place in which it is formed. \* \* \* When this statute [referring to the statute against bigamy and bigamous cohabitation, incorporated in the present Code of 1907 as section 6389] is read in connection with the common law existing at the time of its enactment, it is apparent two offenses are thereby created; or, rather, the common-law offense of bigamy is declared, and the punishment which must follow conviction defined; and a statutory offense, the continuance of cohabitation under the vicious marriage making bigamy, punishable as the latter offense, is created. The offense of bigamy remains, indictable and punishable at the place of its commission. If the second marriage was in this state, the county of its commission is the only place in which an indictment for the offense will lie. As to this offense, the common law is not changed. Necessity for a change is obviated by the creation of the new offense—the cohabitation under the second marriage. If the marriage was in another state, and the cohabitation in this state, the wrong done here is the evil example of persons living together as husband and wife, who do not in fact and in law sustain that relation—the open continuance of an adulterous connection. Or, if the marriage is in one county, and the cohabitation is in another, the offense in the latter is not the second criminal marriage, but the adulterous cohabitation. This offense is committed, without regard

to the place of the former marriage, whether within or without the state, or within or without the county."

The indictment charges bigamy and also the continuance of adulterous cohabitation subsequent to the second marriage. The former indictment, under which the defendant was tried and acquitted, charged only the commission of the act of bigamy in contracting the second marriage, and the defendant's acquittal of that offense could in no way affect the charge in the indictment under section 6389 of the Code for unlawful cohabitation following the vicious marriage.

In the case of *Brewer v. State,* 59 Ala. 101, the defendant was indicted in Jefferson county for unlawfully contracting a second marriage. On the trial of the case it developed that the marriage took place in another county and the prosecution was dismissed. Another indictment was preferred against the defendant for continuing to cohabit with the woman with whom he had entered into the vicious marriage, and the defendant pleaded the proceedings had under the first indictment as a former acquittal of the offense charged in the second. The court in that case say (page 103 of 59 Ala.) : "The first indictment charges one of these offenses, of which the defendant was clearly not guilty under the proof. The second indictment charges a different offense; and, if there had been a verdict of acquittal under the first indictment, this would have been no bar to a prosecution under the second. It follows that we need not inquire whether the circuit court rightly allowed this case to be taken from the jury, and a new indictment to be preferred. * * * The plea was to the whole indictment. The second count of the new indictment describes an offense entirely different from that set forth in the first indictment."

[Phillips v. The State.]

The only method by which the defendant sought to take advantage of the alleged imperfection or insufficiency of the indictment was by the plea setting up former acquittal, and the question presented is whether the plea if sustained would constitute a good defense to the prosecution. It will be seen from the authorities above cited, and from the opinions of which we have quoted extracts, that the plea would not constitute a defense in bar of this prosecution.

(2) The rulings of the court on the evidence are without error. In prosecutions for bigamy, marriage may be proved by cohabitation and the confessions of the party, and it is not necessary either to produce the record of the marriage or the testimony of a person who was present.—*Langtry v. State,* 30 Ala. 536; *Parker v. State,* 77 Ala. 47, 54 Am. St. Rep. 43; *Brewer v. State,* 59 Ala. 101.

The evidence being without conflict, or conflicting tendencies, and ample to show that defendant's guilt of the offense charged, the trial court was not in error in giving the general charge requested by the state. The only defense relied upon would seem to be that the defendant was entitled to an acquittal on the charge preferred by this indictment under his plea of former acquittal —a proposition that we have disposed of in what has heretofore been said.

(3) The verdict was a general verdict of guilty, and, the indictment containing a good and sufficient count (as against any attack made against it) for continuing adulterous cohabitation after contracting the second marriage, the verdict is referable to that count.—*May v. State,* 85 Ala. 14, 5 South. 14.

Affirmed.