(76 South. 476)

**FRANKLIN v. STATE.    (6 Div. 222.)**

(Court of Appeals of Alabama.   June 12, 1917.)

CRIMINAL LAW ⟨key⟩1090(14), 1122(5) — QUESTIONS REVIEWABLE—MATTERS NOT IN RECORD.

Where no bill of exceptions has been filed, and the oral charge of the court is not set out in the record, the action of the trial court in refusing requested written charges will not be reviewed.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

S. B. Franklin, alias, etc., was convicted, and he appeals. Affirmed.

W. L. Martin, Atty. Gen., for the State.

BRICKEN,. J. This appeal is on the record; no bill of exceptions having been filed. Nor is the general oral charge of the court set out in the record; therefore we cannot review the action of the trial court in refusing the written charges requested by the defendant and set out in the record proper. Paitry v. State, 196 Ala. 598, 72 South. 36.

We find no error on the record, and the judgment of conviction will be affirmed.

Affirmed.

---

(76 South. 476)

**CONDRY v. STATE.    (4 Div. 500.)**

(Court of Appeals of Alabama.   June 26, 1917.)

1. CRIMINAL LAW ⟨key⟩744—TRIAL—DIRECTING VERDICT OF ACQUITTAL.

In prosecution for burglary, court erred in refusing defendant the affirmative charge, where evidence, which was without conflict, would not support judgment of conviction.

2. BURGLARY ⟨key⟩45 — VARIANCE—DIRECTION OF VERDICT.

Where there is a variance, between allegations in indictment for burglary and proof, as to ownership of house alleged to have been broken into and entered, court erred in refusing defendant the affirmative charge.

3. CRIMINAL LAW ⟨key⟩448(11)—EVIDENCE—ADMISSIBILITY—CONCLUSION.

On trial for burglary, court erred in permitting witness to testify that defendant ran away, since that is a conclusion on the part of the witness.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Grift Condry was convicted of the offense of burglary, and appeals. Reversed and remanded.

Winn & Winn, of Clayton, for appellant. W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of the offense of burglary, and sentenced to the penitentiary for a term prescribed by law.

[1] On this appeal it is insisted that the defendant was entitled to the affirmative charge, on the ground that the evidence, being without conflict, was insufficient to establish the guilt of the defendant . beyond a reasonable doubt, and that there was no evidence in the case which even afforded an inference to the effect that the defendant was guilty, as charged in the indictment. It is therefore insisted that the court erred in refusing to the defendant the affirmative charge requested in writing. From a careful investigation of the entire case, it appears that there is merit in this contention, and that the evidence in this case, which was practically without material conflict, would not support a judgment of conviction. Smith v. State, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; James v. State, 15 Ala. App. 569, 74 South. 395.

[2] The court also erred in refusing the affirmative charge, requested in writing by the defendant, because of a variance in the allegations in the indictment, and the proof offered in support thereof. The indictment alleges that the defendant, with intent to steal, broke into and entered the dwelling house, or a building within the curtilage of the dwelling house, or shop, store, warehouse, or other building of W. H. Horn, etc. The proof offered in behalf of the state shows without conflict that the house alleged to have been broken into and entered was the dwelling house of Jim Horn, and in no manner connects W. H. Horn with the possession or ownership of said dwelling house.

[3] We are also of the opinion that the court erred in allowing the witness Jim Horn to testify, over the objection of the defendant, that "the defendant ran away." This was clearly a conclusion upon the part of this witness, and a conclusion not borne out by the facts, as shown by the evidence, both of the state and of the defendant.

For the errors pointed out, the judgment of conviction in the lower court must be reversed, and the cause remanded.

Reversed and remanded.