(92 South. 504)

### FARRISTER v. STATE.  (7 Div. 788.)

(Court of Appeals of Alabama.  Feb. 7, 1922.)

1. Indictment and information 87(1)—Alleging time of offense not necessary, where limitation period eliminated all statutes except most recent one.

Where the offense of unlawfully manufacturing liquor, was a statutory misdemeanor prior to the passage of the act of January 25, 1919 (Acts 1919, p. 6), making it a felony, an indictment, not stating the date of the alleged offense returned more than 12 months after the passage of the latter statute, was not defective, as an indictment under the earlier statute would be barred by the statute of limitations.

2. Indictment and information 87(1)—Failure to allege time fatal where period of limitations covers time when act was lawful.

A count in an indictment for making, selling, giving away, or possessing a still, returned within three years of the passing of act of January 25, 1919 (Acts 1919, p. 6), making such an offense a felony, when prior to the passage of that act it had been no offense, was void for uncertainty, where it did not allege the time of the offense.

---

**3. Indictment and information ☞203—Verdict of guilty referred to good rather than bad count.**

A general verdict of guilty under an indictment containing a good count and a bad count will be referred to the good count.

Appeal from Circuit Court, Clebourne County; A. P. Agee, Judge.

William Farrister was convicted of violating the prohibition law, and he appeals. Affirmed.

W. C. McMahan, of Heflin, for appellant.

The indictment was void for failing to allege the time, that the offense was committed, whether before or after the approval of Act Jan. 25, 1919. 17 Ala. App. 464, 86 South. 172.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] This appeal is upon the record. The indictment contains two counts; the first count charging the making, manufacturing, distilling, etc., of prohibited liquors. The second count charged that he sold, gave away, or had in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors.

Neither count contained the allegation as to the time of the alleged commission of the offense charged, and it is here contended that the indictment for this reason is void, appellant's counsel citing Howard v. State, 17 Ala. App. 464, 86 South. 172.

The defendant was convicted under the first count of the indictment. The insistence that the first count of this indictment is void for failing to aver the time of the alleged commission of the offense, or that said alleged offense was committed subsequent to the date of the approval of the act in question, January 25, 1919 (Acts 1919, p. 6), cannot be sustained, for the reason that the first count is free from the uncertainty which existed in the indictment in the Howard Case, supra. The indictment in the Howard Case, by its terms, charged both a misdemeanor and a felony, having been preferred at a time when the period covered by the indictment was under the law both a misdemeanor and a felony, and for this reason this court properly held the indictment void and the reasons stated therein are sound. But here the indictment charges a felony only, and does not charge a misdemeanor, for on the face of the indictment the misdemeanor is barred by the statute of limitations of 12 months. After the expiration of 12 months from the date of the approval of the act in question, January 25, 1919, there has been no necessity to allege that the offense of distilling, making, or manufacturing of alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, was committed subsequent to the approval of this act. During the period, however, of the first 12 months immediately subsequent to the approval of this act time was an essential ingredient or a material element of this offense in order to differentiate the charge or accusation as to whether it was a misdemeanor or a felony. But, as before stated, after the expiration of the period when the alleged offense charged could not be a misdemeanor, the necessity to so differentiate ceased to exist, the indictment showing upon its face that it charged a felony only, and a conviction under such an indictment must therefore be of the offense of that grade. Adams v. State, 60 Ala. 52. See, also, Dewey Laminack v. State (Ala. App.) 92 South. 502,[1] in which case the exact question has been decided adversely to the contention here made.

[2] The contention of appellant as to the second count of this indictment is correct. The second count is void for uncertainty, covering as it does a period of time when the alleged offense charged was not against the laws of this state. In other words, the statute approved September 30, 1919, under which the second count of this indictment was drawn, created a new offense, and, it being a felony, the time covered a period of three years anterior to the date of the finding of the indictment, an appreciable portion of which period under this indictment it was no offense, under the laws of this state, to do any or all of the several alternative acts complained of in this indictment. Miller v. State, 16 Ala. App. 534, 79 South. 314.

[3] The fact, however, that the second count of the indictment here is void is a matter not available to defendant and can in no wise accrue to his benefit in these proceedings; for the reason the verdict of the jury expressly found the defendant guilty as charged in the first count of the indictment, it affirmatively appears therefore that he has suffered no injury as a result of the defective or void second count. The same would be true also had the jury returned a general verdict, that is, guilty as charged in the indictment; for in that event the verdict would be referred to the good count and sustained, rather than to the bad count. Handy v. State, 121 Ala. 13, 25 South. 1023. The law is that if an indictment contains two or more counts, only one of which is sufficient, and a general verdict of guilty is returned, it will be referred to the good count. May v. State, 85 Ala. 14, 5 South. 14; Rowland v. State, 55 Ala. 210; Phillips v. State, 13 Ala. App. 325, 69 South. 356; Dewey Laminack v. State (Ala. App., present term) post, p. 399, 92 South. 502.

The record is free from error. The judgment of the circuit is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 399.