WILLIS v. STATE. (5 Div. 469.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

Indictment and information ⊚➔87(1)—Allegation of time of offense not necessary.

An indictment charging the unlawful manufacture of liquor, in violation of a statute which went into effect more than three years previously, need not specify the date of the offense.

Appeal from Circuit Court, Chilton County; Geo. F. Smoot, Judge.

Edgar Willis was convicted of violating the prohibition law, and he appeals. Affirmed.

Saxon & Pitts, of Columbiana, for appellant.

An indictment charging the commission of acts which have been made an offense within three years should allege the time of the offense. Clark v. State, 18 Ala. App. 217, 90 South. 16.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It was not necessary that the indictment show the offense was committed since the

---

passage of the act. Laminack v. State, 18 Ala. App. 399, 92 South. 502; Farrister v. State, 18 Ala. App. 390, 92 South. 504.

SAMFORD, J. There is no bill of exceptions, the appeal being on the record, and on that it is insisted that error exists in the ruling of the court on demurrer to the first count of the indictment charging that the defendant manufactured whisky. The law making unlawful the act of manufacturing whisky went into effect January 25, 1919; the indictment was returned March 16, 1922. More than three years having elapsed from the enactment of the statute, and allegation specifying the time was not necessary La- minack v. State, 18 Ala. App. 400, 92 South. 505; Farrister v. State, 18 Ala. App. 390, 92 South. 504.

There is no error in the record. Let the judgment be affirmed.

Affirmed.