(102 So. 595)

### WINCHESTER v. STATE. (6 Div. 534.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

**1. Indictment and information ⚖══110(33)— Count of indictment for subornation being in language of statute, held sufficient.**

Count of indictment for subornation of perjury following language of statute, *held* sufficient against demurrer, in view of Code 1907, §§ 7541, 7543, defining perjury and subornation of perjury and form of indictment.

**2. Perjury ⚖══27—Count of indictment for subornation defective in failing to aver falsity.**

Count of indictment for subornation of perjury is fatally defective if it fails to aver falsity of facts sworn to.

**3. Perjury ⚖══27—Essentials of indictment for subornation stated.**

Indictment for subornation of perjury must allege proceedings where testimony is given, officer administering oath and his authority, facts sworn to and their materiality and willful falsity, and procuration to swear falsely.

**4. Criminal law ⚖══1167(2)—Prejudicial error to try defendant on indictment having defective count where objection made.**

Notwithstanding general rule that conviction will not be reversed for bad count in indictment containing one good and one bad count, it is prejudicial error to try defendant on defective count where he has interposed demurrer to indictment.

**5. Criminal law ⚖══1122(1) — Refusal of charges not considered in absence of bill of exceptions.**

Where appeal is on the record without bill of exceptions, refusal of requested charges cannot be reviewed.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Will Winchester was convicted of subornation of perjury, and he appeals. Reversed and remanded.

The indictment is as follows:

"(1) The grand jury of said county charge that, before the finding of this indictment, Will Winchester corruptly procured Ed Crow, alias Ed Crowell, a witness duly sworn to testify on the trial of one Tom Winchester, in the circuit court of Tuscaloosa county, Alabama, under an indictment of violating the Prohibition Law, which said court had authority to administer such oath, on his examination as such witness to falsely swear that he the said Ed Crow, alias Ed Crowell, did not go up to Tom Winchester's house with Claud Jones at the time Claud Jones went into Tom Winchester's house and came back out of said house with whisky, the matter so sworn to being material, and the said testimony of said Ed Crow, alias Ed Crowell, was willfully and corruptly procured and said testimony was willfully and corruptly false.

"(2) The grand jury of said county further charge that, before the finding of this indictment, Will Winchester corruptly procured Ed Crow, alias Ed Crowell, to swear that he had never been to Tom Winchester's house, and that, upon the question, being asked him before the grand jury, 'if he knew Tom Winchester,' he answered, 'No,' and that, when the question was asked him before the grand jury 'if he knew where Tom Winchester stayed,' he answered, 'No,' these statements being in regard to a material matter, and being made upon an oath authorized by law, but not on the trial of a person under indictment for a felony, and being sworn to before Lena M. Evans, a notary public, in and for Tuscaloosa county, Alabama, against the peace and dignity of the state of Alabama."

Foster, Rice & Foster, of Tuscaloosa, for appellant.

Count 2 of the indictment is fatally defective. Code 1907, § 7543. A demurrer being interposed to this count, the general verdict returned will not be referred to the first count, and thus prevent a reversal. Rowland v. State, 55 Ala. 210.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The appellant was convicted of subornation of perjury. There were two counts in the indictment, each setting up different facts.

Sections 7541 and 7543 of the Code of 1907 define perjury and subornation of perjury, and for the offense of perjury the form for an indictment is prescribed. Forms 81 and 82. Section 7542 of the Code provides that in an indictment for perjury or subornation of perjury it is sufficient to state "the substance of the proceedings, the name of the court or offi-

cer before whom the oath was taken, and that such court or officer had authority to administer it, with the necessary allegations of the falsity of the matter on which the perjury is assigned."

[1] The first count followed substantially the language of the statute defining subornation of perjury, and adopted so much of the Code form for perjury (form 81) as was applicable and was sufficient against the demurrer interposed. Walker v. State, 96 Ala. 53, 11 So. 401; Barnett v. State, 89 Ala. 165, 7 So. 414; Hicks v. State, 86 Ala. 30, 5 So. 425.

[2, 3] The second count was fatally defective in failing to aver the falsity of the facts sworn to on which perjury was assigned. An indictment for subornation of perjury must state all the essential elements constituting the crime of perjury as well as of subornation of perjury. It should state the substance of the proceedings in which the false testimony was given, the materiality of the testimony, the name of the officer by whom the oath was administered, and that he was authorized by law to administer the oath, the fact sworn to on which perjury is assigned, that the accused corruptly procured the witness to swear falsely, and that the testimony was willfully and corruptly false. Unless the testimony is false it is not the subject of legal perjury. Rivers v. State, 97 Ala. 72, 12 So. 434; Jacobs v. State, 61 Ala. 448; 30 Cyc. par. 8, page 1440; Goolsby v. State, 17 Ala. App. 545, 86 So. 137. The demurrer to the second count should have been sustained.

[4] The verdict of guilt returned by the jury was a general verdict, not specifying the count under which the defendant was convicted. The general rule is that where there are two counts in an indictment, one good and the other bad, a general verdict of guilty will be referred to the good count, and the judgment of conviction will not be reversed on account of the defective count. May v. State, 85 Ala. 14, 5 So. 14; Chappell v. State, 52 Ala. 359; Handy v. State, 121 Ala. 13, 25 So. 1023; Farrister v. State, 18 Ala. App. 390, 92 So. 504; Norman v. State, 13 Ala. App. 337, 69 So. 362. But in the cases laying down the above rule no objection was taken to the indictment.

In a trial for subornation of perjury it is error prejudicial to the substantial rights of the accused to put him to trial on a fatally defective count in an indictment to which demurrer was interposed, such count charging facts on which perjury is assigned essentially different from the facts charged in a good count.

[5] The appeal is on the record without bill of exceptions. In the absence of a bill of exceptions the requested written charges

refused to the defendant cannot be reviewed. Mack v. State, 201 Ala. 269, 77 So. 683; Paitry v. State, 196 Ala. 598, 72 So. 36; Richey v. State, 16 Ala. App. 187, 76 So. 471; Franklin v. State, 16 Ala. App. 192, 76 So. 476.

For the error noted, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.