# Glenn *v.* The State.

*Hunting on Lands of Another Without Permission.*

(Decided Jan. 13, 1909. 48 South. 505.)

1. *Game; Regulation of Taking; Statutes.*—The general game law (General Acts 1907, p. 94) makes it unlawful to hunt on the lands of another without the written permission of the owner, and section 48 of said act in terms repeals all laws, general, special or local in conflict with the act. The local law for Montgomery did not require written permission to hunt upon the lands of the owner, and was repealed by section 48 of the general game law,

[Glenn v. The State.]

2. *Statutes; Time of Taking Effect.*—Under the provisions of section 5540, Code 1896, penal laws become effective thirty days after the final adjournment of the legislature which enacted it, unless there is a special provision in the law putting it into effect sooner; and there being no special provision in the general game law as to when section 44 thereof should go into effect, it did not become effective until thirty days after the adjournment of the leigslature of 1907.

3. *Indictment and Information; Sufficiency; Time of Offense.*—Where the law under which the indictment was preferred did not become effective until sometimes within twelve months of the finding of the indictment, an indictment preferred thereunder which charges that the offense was committed within twelve months prior to its presentment, should aver that.the offense was committed subsequent to the time the laws became effective, and failing to do so is bad on demurrer.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Richard Glenn was convicted of hunting on the lands of another without written permission of the owner or agent, and he appeals. Reversed and remanded.

HILL, HILL & WHITING, for appellant. The repeal of statute by implication is not favored.—1 Mayf. 821, The Act of 1907 and of 1888, have a field of operation which is not repugnont the one to the other.—*Rossett v. The State*, 17 Ala. 496; 12 A. & E. Ency of Law, 290. The indictment should have averred that the offense was committed after the Acts of 1907, went into effect.—*Bibb v. The State*, 83 Ala. 84; *McIntyre v. The State*, 55 Ala. 167; *Dentler v. The State*, 112 Ala. 75. Counsel discuss charges refused and given with citations of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The Acts of 1907, page 95, repeals all laws and parts of laws, general, special or local, in conflict with this provision, thus expressly repealing the Acts of 1888-9.—26 A. & E. Ency of Law, 719 723. It was not necessary to allege that the offense was committed af-

ter the acts of 1907 went into effect. Counsel discusses the charges refused and given, but without citation of authority.

ANDERSON, J.—Section 48 of the general game law (Acts 1907, p. 95) repealed all laws, local, special, or general, in conflict therewith, and, as there is a conflict between it and the local law for Montgomery and Elmore counties (Acts 1888-89, p. 406), the former was repealed by the latter.

It was not an offense to hunt upon the lands of another in Montgomery county without the written consent of the owner prior to Acts 1907, p. 81. This law was enacted February 19, 1907, and there is no special provision making section 44 effective upon its approval or at any fixed time. It therefore became effective under the terms of section 5540 of the Code of 1896 (section 7805 as changed by Code of 1907) 30 days after the adjournment of the Legislature, and which was considerably less than 12 months before the indictment. The act does make some of its penal sections effective upon the approval thereof, but is silent as to when section 44 shall go into effect. Moreover, the act was passed less than 12 calendar months prior to the indictment, even if it went into effect as to all of its provisions, upon the approval of same, but which we do not decide. The indictment in question was presented February 15, 1908, and, being a misdemeanor, in effect charged that the offense was committed within 12 months prior thereto, and which included time anterior to the time said law became effective, and was therefore bad for failing to aver that the defendant hunted, etc., subsequent to the time the law became effective.—*McIntyre v. State,* 55 Ala. 167; *Dentler v. State,* 112 Ala. 75, 20 South. 592; *Bibb v. State,* 83 Ala. 84, 3 South. 711.

[Hearn v. The State.]

The trial court erred in not sustaining the defendant's demurrer to the indictment, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.