# Kelly *v.* The State.

### *Violating Prohibition Law.*

(Decided May 5, 1911. 55 South. 141.)

1. *Intoxicating Liquors; Indictment; Sufficiency.*—Under the express provision of section 7353, Code 1907, an indictment is sufficient to charge a violation of the prohibition law, if in Code form.

2. *Same; Time of Offense; Necessity of Alleging.*—As the prohibition law did not become effective until Jan. 1, 1909, an indictment for violating the prohibition law which was returned in September 1909, is demurrable if it fails to allege that the offense was committed subsequent to Jan. 1, 1909, since such indictment covers a period of twelve months, and in the absence of a local prohibition law, might charge no offense if the act was committed prior to the going into effect of the general prohibition law.

3. *Indictment and Information; Allegation of Time.*—While it is necessary to show when an offense was committed, it is not necessary that the indictment aver the time of the commission of the offense unless time is of the essence of the offense, when it must be averred.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Jack Kelly was convicted of selling intoxicating liquors, and he appeals. Reversed and remanded.

The indictment charges that Jack Kelley sold spirituous, vinous, or malt liquors without license and contrary to. law, against the peace and dignity of the state of Alabama. Demurrer A is that the indictment was found at the fall term, 1909, of the circuit court of Coffee county, and filed in said court on September 24, 1909, and alleges and charges that the defendant sold spirituous, vinous, or malt liquors without a license and contrary to law, but fails to aver further that said offense was committed by defendant after January 1, 1909, the date on which the state-wide prohibition law went into effect in Coffee county, and said indictment does not allege any offense against the prohibition laws of Alabama which went into effect in said county on Jan-

uary 1, 1909, and the defendant says that the failure to allege in said indictment the time of the commission of said offense, and whether said sale or sales were made before January 1, 1909, or thereafter, renders said indictment totally defective and void.

J. A. CARNLEY, for appellant. The indictment charged no offense against the prohibition law which went into effect on Jan. 1, 1909.—*Budgett v. The State,* 157 Ala. 20; *Cost v. The State,* 96 Ala. 61; *Marks Case,* 159 Ala. 88. The indictment should have alleged the time of the commission of the offense.—*Bibb v. The State,* 83 Ala. Sec. 7139, Code 1907, and authorities supra.

ROBERT C. BRICKELL, Attorney General, for the State.

ANDERSON, J.—The indictment was in code form (No. 100), and which is made sufficient under section 7353 of the Code of 1907 for a violation of the prohibition law. It is not for carrying on a business without a license, and does not fall within the influence of the case of *Badgett v. State,* 157 Ala. 20, 48 South. 54. Nor is it in the form held bad in the case of *Cost v. State,* 96 Ala. 60, 11 South. 435, but conforms to the count held sufficient in said last case.

The indictment was returned at the fall term, 1909, and would cover a violation of the law 12 months previous thereto, and ordinarily it is not necessary to aver the time the offense was committed, unless it be that time is of the essence of the offense; but, when it is, it must be averred and proved.—*Marks v. State,* 159 Ala. 88, 48 South. 864, 133 Am. St. Rep. 20; *Glenn v. State,* 158 Ala. 44, 48 South. 505, and cases there cited.

The state-wide prohibition law did not become effective in Coffee county until January 1, 1909, less than 12

months before the indictment was found, nor was there a local prohibition law covering the entire county.— Acts Sp. Sess. 1907, p. 76, § 13. The present indictment covers time anterior to January 1, 1909, and was subject to defendant's demurrer A, which the trial court erred in not sustaining.

The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.