# Lester *v*. The State.

### *Violating Prohibition Law.*

(Decided May 1, 1913.   62 South. 337.)

*Intoxicating Liquors; Indictment; Time of Offense.*—An indictment in the Code form for retailing without license returned October 12, 1909, should have specified the time the sale was made, the period covered by the indictment being twelve months, and the prohibition law not having gone into effect until January 1, 1909, and failing to specify the time was defective; after the lapse of the twelve month period such an indictment would be good.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

John Lester was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

OSCAR S. LEWIS, for appellant. The indictment should have alleged that the offense was committed after Jan. 1, 1909, as it was preferred before the twelve month period had elapsed.—*Kelly v. State,* 171 Ala. 149; *Scott v. State,* 3 Ala. App. 148; *Glenn v. State,* 158 Ala. 44; *Marks v. State,* 159 Ala. 88.

R. C. BRICKELL, Attorney General, for the State. The indictment followed the Code form, and was not therefore, subject to demurrer.—Sec. 7161, Code 1907; *Wilson v. State,* 61 Ala. 151; *Johnson v. State,* 142 Ala. 1.

THOMAS, J.—The indictment in this case was re-
turned on October 12, 1909, charging the defendant
with selling spirituous, vinous, or malt liquors without
a license, contrary to law, and following the form pre-
scribed in section 7161 of the Code. It was demurred
to upon the ground, among others, that it did not al-
lege when the sale was made; that is, whether it was
made before or subsequent to January 1, 1909, the time
when the state-wide prohibition law went into effect
in Macon county.—Acts Sp. Sess. 1907, p. 76, § 13.
Up to the date named Macon county was operating un-
der a dispensary law, forbidding, under penalty, sales
except in a dispensary or by the manufacturers of the
liquor.—Local Acts 1903, p. 737. The time covered by
the indictment was the 12 months immediately preced-
ing its finding (that is, the 12 months intervening be-
tween October 12, 1908, and October 12, 1909), during
which time, it is observed, two separate laws on the sub-
ject were successively in force in Macon county. For
a violation of which one of these was the defendant in-
dicted? The indictment does not inform us, since it
fails to state whether the sale was before or after Jan-
uary 1, 1909.

If we refer the indictment to the law existing prior
to January 1, 1909, it must fall, because that law was
not in existence during the entire 12 months immediate-
ly preceding the finding of the indictment, but only
from October 12, 1908, to January 1, 1909, a little less
than three months, during such time. If, on the other
hand, we refer the indictment to the law which became
effective on January 1, 1909, then the indictment must
also fall for the same reason, since that law was in
operation only about ten months of the time covered by
the indictment. The demurrer should have been sus-
tained under the following authorities:—*Glenn v. State,*

158 Ala. 44, 48 South. 505; *Kelly v. State,* 171 Ala. 44, 55 South. 141; *Marks v. State,* 159 Ala. 88, 48 South. 864, 133 Am. St. Rep. 20; *Bibb v. State,* 83 Ala. 87, 3 South. 711; *McIntyre v. State,* 55 Ala. 167; *Dentler v. State,* 112 Ala. 75, 20 South. 592.

If the indictment had been preferred, even though in the form it is in, after the expiration of 12 months from January 1, 1909, when the state-wide prohibition law went into effect in Macon county, it would have been valid.—*Scott v. State,* 3 Ala. App. 148, 57 South. 413.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.