(79 South. 314)

## MILLER v. STATE.    (4 Div. 567.)

(Court of Appeals of Alabama.   June 29, 1918.)

1. INDICTMENT AND INFORMATION ☞87(8)— DATE OF OFFENSE — ALLEGATION — SUFFICIENCY.

Act 1915, p. 137, while designated an amendment to Code 1907, § 7700, creates, so far as it relates to carnal knowledge of a girl over 14 and under 16, a new offense, and, since act had not been in force for such period as to cover limitation of action, it was necessary to either allege date of offense, or that offense was committed subsequent to date of passage of act, in view of Const. 1901, § 7, as to punishment only under law established prior to commission of offense.

2. RAPE ☞17—DEFENSE—IGNORANCE AS TO AGE OF GIRL.

In prosecution under Code 1907, § 7700, as amended by Acts 1915, p. 137, as to carnal knowledge of girl over 14 and under 16, that defendant honestly entertained a belief that girl was over 16 was no defense.

3. RAPE ☞15—CARNAL ABUSE OF GIRL UNDER AGE—"ABUSE."

"Abuse" in attempting to have carnal knowledge of any girl over 12 and under 16, as provided by Acts 1915, p. 137, is limited in its meaning to injuries to genital organs, and does not refer to other forcible or wrongful ill usage of other parts of body.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abuse.]

4. STATUTES ☞118(6)—TITLE—REFERENCE IN TITLE TO SECTION NUMBER ONLY.

Title of Acts 1915, p. 137, "An act to amend section 7700 of the Code 1907," is sufficient, under Const. § 45, as to title of acts, since subject of amendatory act is germane to, suggested by, and supplemental to section sought to be amended.

5. INDICTMENT AND INFORMATION ☞111(1)— NEGATIVING DEFENSES.

Provision of Code 1907, § 7700, as amended by Acts 1915, p. 137, that section as to carnal knowledge of girls under 16 shall not apply to boys under 16 sets up defensive matter, which need not be negatived in indictment.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Henry Miller was convicted of having carnal knowledge of a girl under age of consent, and appeals. Reversed and remanded.

W. O. Mulkey, of Geneva, and N. H. Mixson, of Samson, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The indictment upon which the defendant was tried and convicted was challenged by demurrer; the first and second grounds thereof being predicated upon the fact that the indictment fails to allege the time at which the offense was committed, and that the indictment fails to allege that the offense was committed since March 17, 1915, the date of the approval of the act under which the defendant is indicted.

[1] While the act (Acts 1915, p. 137) approved March 17, 1915, is designated as an amendment to section 7700 of the Code of 1907, the operation thereof, so far as it relates to a girl over the age of 14 and under 16 years, is a new law, and creates a new offense, in that the age limit is changed to 16 years, and the offense is made a felony, and, as the period of time of 3 years anterior to the indictment of this felony extends beyond and prior to the date of the passage of the law, it was necessary, under the uniform decisions in this state, that the indictment should either allege the date of the commission of the offense charged, or that the offense was committed subsequent to the date of the passage of this act. For non constat the defendant committed the offense prior to the passage and approval of the act of 1915, supra. The demurrer went to this point and should have been sustained. Glenn v. State, 158 Ala. 44, 48 South. 505; Marks v. State, 159 Ala. 89, 48 South. 864, 133 Am. St. Rep. 20; Kelly v. State, 171 Ala. 44, 55 South. 141; Bibb v. State, 83 Ala. 84, 3 South. 711. In other words, it is essential that the time be stated in the indictment, unless the statute has been in force for such period of time as to cover the limitation of the action. Authorities supra. For it is expressly provided that no person shall be punished, but by virtue of a law established and promulgated prior to the offense and legally applied. Const. 1901, § 7.

[2] The defendant undertook and offered to prove that he did not know the age of Bertha Odom, and that from her appearance and size and height the defendant honestly entertained the belief that she was over 16 years of age. The court would not permit this proof, and stated "that under the statute under which defendant is indicted, that the question in this respect is as to her age, and not as to her appearance, or what the defendant honestly believed it to be"; and the court's ruling upon the evidence and upon special charges requested by the defendant were in line with the above statement by the court. In this there was no error, as the crime does not depend upon the knowledge of the defendant of the fact that the girl in question was under the age of 16 years, but upon the fact itself, as the statute fixes the age of consent at 16 and is intended for the protection of girls under that age, and knowl-

edge of the age of the girl is not made an element of the offense. If into this statute should be injected the knowledge of the age of the girl, or if the fact of her appearance would indicate she is more than 16, will justify the defendant in the commission of the offense, in many instances the very purpose of the statute would be thwarted, for it is a matter of universal common knowledge that many girls under the age of 16 are more precocious and more fully developed than are those of 16 and even 17 years of age, and it is manifest that these are the very girls, those who are more mature in appearance, whom the statute is intended to protect, and who most need the protection of this statute. As said by an eminent writer and jurist:

"We repudiate utterly, as most dangerous, the notion that any intellectual precocity in an individual female child can hasten the period which appears to have been fixed by statute for the arrival of the age of discretion; for that very precocity, if uncontrolled, might very probably lead to her irreparable injury."

In Fox v. State, 3 Tex. App. 329, 30 Am. Rep. 144, it was held a person may be criminally liable for adultery with a woman he did not know to be married, or for the carnal knowledge of a female under 10 years of age, though he believed her to be older. Queen v. Prince, L. R. 2 Cr. Cas. 154; State v. Newton, 44 Iowa, 45. From what has been said, charge 3 was properly refused, and the ruling of the court upon the evidence in this connection was without error.

[3] Charge 2 was properly refused. Abuse, in attempting to have carnal knowledge of any girl under 16 years of age, is limited in its meaning to injuries to the genital organs, and does not refer to other forcible or wrongful ill usage of other parts of the body, and when it is considered that the purpose of the statute is to prevent the deflowering of young girls, it cannot be doubted that abuse, within the meaning of the statute, is embraced in the accomplished act of carnal knowledge. It was said in Dawkins v. State, 58 Ala. 376, 29 Am. Rep. 754:

"The offense, then, includes of necessity physical injury to the child, and it is this injury the term 'abuse' includes, though it is included also in the words 'carnally know.' "

[4] There is no merit in the insistence:

"That the act approved March 17, 1915, under which the defendant was indicted, is unconstitutional and void, because passed in violation of section 45 of the Constitution."

It has been many times held by the Supreme Court of this state that where the subject-matter of the amendatory act is germane to, suggested by and supplemental to the subject of the section sought to be amended, a section of the Code may be amended by reference in the title to the section number only. The title of the act in question reads as follows: "An act to amend section 7700 of the Code 1907." This title is sufficient, and meets the requirements of the Constitution. State v. Smith, 187 Ala. 411, 65 South. 942; Montgomery v. State ex rel., etc., 107 Ala. 372, 18 South. 157; Ensley v. Cohn, 149 Ala. 316, 42 South. 827.

[5] The act under which the defendant was prosecuted provides that "this section, however, shall not apply to boys under sixteen years of age." This is a defensive matter, and it was not necessary that the indictment should have alleged that the defendant was over 16 years of age. The ground of demurrer raising this question was not well taken.

For the error pointed out, the judgment of conviction appealed from must be reversed, and the cause remanded.

Reversed and remanded.