(93 South. 383)

## Ex parte STATE ex rel. ATTORNEY GENERAL.

## COKER v. STATE.

(6 Div. 708.)

(Supreme Court of Alabama.   June 22, 1922.)

**1. Intoxicating liquors ☞209—Indictment for manufacturing and possessing apparatus for making liquor held sufficient to support conviction.**

An indictment, charging that defendant, after September 30, 1919, manufactured, sold, gave away, or possessed apparatus for manufacturing prohibited liquors, *held* sufficient to support a conviction.

**2. Indictment and information ☞87(8), 150—Indictment, covering period during which act charged was and was not offense, held defective; indictment construed most strongly against pleader.**

An indictment charging that defendant, after September 30, 1919, manufactured, sold, gave away, or possessed apparatus for manufacturing intoxicating liquors, was subject to a demurrer because the indictment covered periods when the act was and was not an offense; the rule being that on demurrer indictments should be construed most strongly against the pleader.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Horace Coker v. State of Alabama, 93 South. 384.   Writ awarded, and judgment reversed and remanded.

Omitting formal parts, count 2 of the indictment reads:

"Horace Coker, did, after September 30, 1919, manufacture, sell, give away or have in his possession a still, apparatus, appliance or device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law," etc.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Although the criminal act did not become effective until 60 days after its approval, and the indictment was defective in charging that the offense was committed after September 30, 1919, the date the act was approved, the testimony shows that the defendant was in possession of the still after November 30, 1919, and he was not injured merely because the indictment charged that he was so in possession after September 30, 1919.   The affirmative charge cannot be used as a means of testing the validity of a count.   The only method is by demurrer.   A general verdict, on an indictment containing good and bad counts, will be referred to the good counts,

and the judgment cannot be reversed or arrested. 5 Port. 32; 7 Port. 526; 8 Port. 472; 5 Ala. 666; 18 Ala. 547; 40 Ala. 684; 34 Ala. 253; 30 Ala. 531.

William E. James, of Cullman, for defendant.

Count 2 was fatally defective. 18 Ala. App. 173, 89 South. 825; 18 Ala. App. 217, 90 South. 16; 90 South. 54; 17 Ala. App. 464, 86 South. 172; 158 Ala. 44, 48 South. 505; 158 Ala. 71, 48 South. 508; 171 Ala. 44, 55 South. 141.   The defendant was entitled to the general affirmative charge.   121 Ala. 26, 25 South. 917; 20 Ala. 83; 143 Ala. 98, 39 South. 377.

ANDERSON, C. J.   [1, 2] The Court of Appeals holds, Merritt, J., dissenting, that the trial court committed reversible error in refusing the general charge requested by the defendant as to count 2 of the indictment, not because of failure of proof or because the thing charged was before the statute under which the indictment was framed became effective, but upon the sole ground that said count was a nullity, in that it charged no offense.   If this count of the indictment charged no offense, then it would seem that the defendant was entitled to the general charge as to that count.   Cagle v. State, 151 Ala. 84, 44 South. 381; Shelton v. State, 143 Ala. 99, 39 South. 377.   We cannot agree, however, that count 2 of the indictment charges no offense that would support a conviction.   It is true that it is a new offense, and covers a period both when the thing charged was and was not a violation of the law, and was defective upon appropriate demurrer for a failure to aver the time of the commission of the alleged offense. Glenn v. State, 158 Ala. 44, 48 South. 505; Bibb v. State, 83 Ala. 84, 3 South. 711; McIntyre v. State, 55 Ala. 167.

It is also true that on demurrer indictments should be construed most strongly against the pleader, and without inferences in favor of same; but the rule is different in the absence of a demurrer, and when they are challenged by a charge upon the theory that they will not support a conviction.   If count 2 charged the time of having a still at a time when the same was not prohibited by law, it would not state an offense; but, as it is, it charges an offense punishable by law during a part of the time covered thereby, and is merely defective and uncertain and subject to an appropriate demurrer.   It is not wanting in any of the essentials of what constituted a violation of law at the time it was returned and for several months prior thereto, and is unlike the ones pronounced void in the Cagle and Shelton Cases, supra.   In the Glenn, Bibb, and McIntyre Cases, supra, such a count was merely held to be de-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fective and subject to demurrer; but neither of these cases holds that the indictment was void because of this defect, and would not support a conviction. In each of these cases the point against the indictment was raised by demurrer, and this court held that said demurrer should have been sustained. True, in the report of the Bibb Case, it is stated by the reporter that "the defendant demurred to the indictment; * * * but the record does not show what grounds of demurrer were specifically assigned;" but it is evident that the court considered the demurrer, as the opinion nowhere pronounces the indictment void and insufficient to support a conviction. On the other hand, the court declined to reverse the case because of the refusal of the general charge requested by the defendant.

The Court of Appeals erred in holding that the defendant was entitled to the general charge as to count two of the indictment because it was void and would not support a conviction. The writ of certiorari is awarded; the judgment is reversed, and the cause is remanded to the Court of Appeals for further consideration of the case in conformity with this opinion.

Writ awarded; reversed and remanded.

All the Justices concur.