### WIX v. STATE. (6 Div. 665.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Feb. 16, 1926.)

1. Intoxicating liquors ☞238(1)—Refusal of general affirmative charge for defects in indictment charging manufacture, sale, gift, or possession of still, apparatus, etc., to be used for manufacturing prohibited liquors, held not error.

Refusal of general affirmative charge for defects in count of indictment charging that defendant did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for manufacturing prohibited liquors or beverages, *held* not error.

2. Criminal law ☞805(1), 809, 813.

Elliptical, confused, misleading, unintelligible, incorrect, and abstract charges were properly refused.

3. Criminal law ☞829(1).

Refusal of charges fully covered by court's oral charge, in connection with charges given at appellant's request, is not error.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Ben Wix was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Wix v. State, 214 Ala. 688, 108 So. 617.

The second count of the indictment is as follows:

"The grand jury of said county further charges that, before the finding of this indictment, Ben Wix did, after September 30, 1919, manufacture, sell, give away, or have ·in his possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

W. E. James, of Cullman, for appellant.

Count 2 of the indictment is defective in changing the date when the offense occurred; the act was not effective until November 30, 1919; the evidence showed the offense was committed less than three years from November 30, 1919. The affirmative charge should have been given. Whitman v. State, 19 Ala. App. 526, 98 So. 695; Isbell v. State, 18 Ala. App. 223, 90 So. 55; Laminack v. State, 18 Ala. App. 399, 92 So. 502; McReynolds v. State, 18 Ala. App. 173, 89 So. 825. The general charge as to count 1 should have been given. Weems v. State, 20 Ala. App. 576, 104 So. 345; Rowell v. State, 20 Ala. App. 597, 104 So. 351.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The second count of the indictment was sufficient. Coker v. State, 207 Ala. 656, 93 So. 383.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by distilling prohibited liquors, or having in his possession a still, etc., to be used for that purpose.

A statement of the evidence would not be helpful. Suffice it to say we have carefully examined same and are of the opinion that it was ample to support the verdict returned.

[1] There was no error in refusing to give the general affirmative charge as to count 2 of the indictment because of any alleged defect therein. Coker v. State, 207 Ala. 656, 93 So. 383.

The few exceptions reserved on the taking of testimony have each been examined, and in each instance we find the ruling upon which same is based to have been without prejudicial error.

[2, 3] The written charges refused to defendant have each been scrutinized, and we find each of them to be either elliptical, confused, misleading, unintelligible, incorrect, abstract, or fully covered by the painstaking oral charge of the court, in connection with the charges given at appellant's request.

Finding nowhere any prejudicial error, the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes