(134 So. 34)

## WILLIAMS v. STATE.
### 4 Div. 685.

Court of Appeals of Alabama.
April 21, 1931.

See also 23 Ala. App. 365, 125 So. 690.

E. O. Baldwin, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

Section 5001 of the 1923 Code of Alabama, which defines the offense of "miscegenation," and provides punishment therefor, was amended by the act of the Legislature approved August 2, 1927; Genl. Acts of Alabama, p. 219; and by such amendment the essential ingredients of the designated offense were materially changed. The offense being punishable by imprisonment in the penitentiary makes it a felony, and therefore the period of time (three years) covered by the indictment in this case extended to that period of time covered both by the original section in the Code, supra, and also by the amendatory act above referred to. The offense of miscegenation being a felony, the act, supra, amending section 5001 of the Code 1923, being penal, it did not become operative, or in effect until sixty days after the approval thereof, or, to wit, the 31st day of October, 1927. Section 5531, Code 1923. The indictment presented by the grand jury against this appellant was returned into open court and filed on July 26, 1928, and, as stated, covered the period of time of three years immediately anterior to the date of its filing as aforesaid. Said period of three years covered a period when the statute in the Code, supra, was in effect and operative, and also the period of time from October 31, 1927, to the date of filing of the indictment in court. This being true, under the statute, and, the universal decisions of this court, and of the Supreme Court, it became necessary for the indictment to aver the time when the offense was committed, or that it was committed subsequent to (or since) the 31st day of October, 1927; time being a material ingredient of the offense. Code 1923, § 4534; Miller v. State, 16 Ala. App. 534, 79 So. 314; Bibb v. State, 83 Ala. 84, 3 So. 711; Howard v. State, 17 Ala. App. 464, 86 So. 172; Ex parte State ex rel. v. Attorney General (Coker v. State), 207 Ala. 656, 93 So. 383; Glenn v. State, 158 Ala. 44, 48 So. 505.

The indictment was defective for the reasons stated, and before entering upon the trial the defendant interposed demurrers thereto, several grounds of which went directly to the point of decision above discussed. In overruling the demurrers to the indictment there was reversible error.

Numerous other instances of error are presented, but from what has been said need no discussion.

Reversed and remanded.