(134 So. 456)

## JINRIGHT v. STATE.

### 4 Div. 758.

Court of Appeals of Alabama.

May 5, 1931.

L. H. Brassell, of Troy, and J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce and R. T. Goodwyn, Jr., Asst. Attys. Gen., for the State.

BRICKEN, P. J.

The indictment contained several counts, but this appellant was convicted by express terms of the jury's verdict under count 5 thereof. Count 5 charged a violation of section 3961 of the Code 1923, and said count substantially follows the wording of that section. In brief of the Attorney General, representing the state, this is conceded.

Section 3961 of the Code 1923 is a new section, and became operative, that is to say, in force and effect, with the adoption of the Code and the proclamation of the Governor on, to wit, August 17, 1924. Said section deals with embezzlement or conversion of public funds, and, under the provisions of section 4929 of the Code 1923, the statute of limitations in a case of this character is six years.

The indictment in this case was returned and filed in open court on April 9, 1928; therefore the time covered by the indictment related back to April 9, 1922.

As stated, the section of the Code in question is a new section, and the indictment preferred thereunder covers a period before said section was enacted, and also a period of time subsequent to its enactment. This being true, under the universal decisions of this court and the Supreme Court, it became necessary for the indictment to aver the time when the offense was committed, or that it was committed subsequent to (or since) the 17th day of August, 1924; time being a material ingredient of the offense, for, if the acts complained of had been committed prior to the 17th day of August, 1924, there could have been no conviction, under this section of the Code, the reason being that said section was not in existence. Miller v. State, 16 Ala. App. 534, 79 So. 314; Howard v. State, 17 Ala. App. 464, 86 So. 172; Bibb v. State, 83 Ala. 84, 3 So. 711; Ex parte State ex rel. Attorney General (In re Coker v. State) 207 Ala. 656, 93 So. 383; Glenn v. State, 158 Ala. 44, 48 So. 505. The failure to aver the time, as aforesaid, rendered the count in the indictment under which appellant was convicted defective and subject to demurrer. Grounds 39 and 40 of defendant's demurrer go directly to this point, and, for the reasons stated, should have been sustained, and error to a reversal resulted by the action of the court in overruling the demurrer to the indictment. Under this status, other questions presented upon this appeal need not be discussed.

Reversed and remanded.