## HOLT v. STATE.

### 8' Div. 614.

Court of Appeals of Alabama.
May 16, 1939.

Rehearing Denied June 6, 1939.

Affirmed on Mandate Oct. 3, 1939.

Rehearing Denied Oct. 31, 1939.

See, also, Holt v. State, 238 Ala. 2, 193 So. 89.

Murphy & Pounders, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The conviction of this appellant was for the violation of Section 47 of the act known as the "Alabama Beverage Control Act." Extra Session 1936–1937, Genl. and Local Acts of Alabama, p. 40 et seq. (Bill passed by House and Senate February 2, 1937, notwithstanding veto, under Section 125 of Constitution).

The above section of said act created a' new offense; and, it not being otherwise specially provided in said act, the penal features therein did not go into effect until sixty days after its passage. Code 1923, Section 5531.

Section 47 of said act, p. 80, reads as follows: "Counterfeit Stamps, Crowns or Lids: —That whoever manufactures, buys, sells, offers for sale, or has in his or its possession any reproduction or counterfeit of the Alabama Revenue Stamps, Crowns or Lids provided for in this Act, or stamps, crowns or lids used to identify articles sold and/or distributed by State Liquor Stores, is guilty of a felony and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than a year and a day, nor more than ten (10) years, and in addition, may be fined not less than Two Thousand ($2,000.00) Dollars, nor more than Ten Thousand ($10,000.00) Dollars."

The indictment upon which defendant was tried and convicted is as follows: "The Grand 'Jury of said county charge that before the finding of this indictment, Major Ingram and Burdette Holt, alias J. B. Holt, whose names are to the Grand Jury otherwise unknown, did buy or have in possession a reproduction or counterfeit of the Alabama Revenue Stamps provided for in the 'Alabama Beverage Control Act,' or stamps used to identify articles sold and. or distributed by State Liquor Stores of Alabama, against the peace and dignity of the State of Alabama." It was filed in open court on 10th day of September, 1937.

Upon arraignment, and before pleading to the indictment, defendant in answer thereto interposed demurrers predicated upon several separate and distinct grounds. The principal insistences in this connection were in substance: (1) That the Alabama Beverage Control Act, which by its terms created the offense charged, had no application to, and was not in effect in, Lauderdale County, Alabama, said county being one of the so-called dry counties of this State; and in support of this insistence, the argument was, and is here, presented, that the appellate courts of this State have in the recent case of Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920, definitely decided this question in line with the contention of appellant.

Upon consideration of this question here, the judges of this court were not in agreement, in consequence of which the question was certified to the Supreme Court for its opinion, as shown by the following:

"Certified question under Section 7311, Code 1923.

"To the Supreme Court of Alabama:

"Pending in this court is a case wherein, upon one of the controlling questions, the Judges of this court are unable to agree; hence, the abstract question is hereby certified to your court for an opinion thereon. In said case the defendant was indicted and convicted as for the violation of a certain section of the 'Alabama Beverage Control Act;' General Acts 1936-37. The alleged offense, if committed, was so committed in the County of Lauderdale, Alabama, which county voted 'No,' and thereby is one of the so-called 'Dry Counties' of this State. The offense involved in this prosecution was for a violation of Section 47 of said Alabama Beverage Control Act. Query: Is said section of said act in effect and operative in said dry county?

"In the case of Williams v. State, 28 Ala. App. 73, 179 So. 915, 916, certiorari denied by Supreme Court, 235 Ala. 520, 179 So. 920, is found, among many others, this statement: 'It is admitted that Walker county is a "dry" county, i. e., a county wherein a majority of the electors voting in the election provided for in section 51 of the aforementioned "Alabama Beverage Control Act" voted "No," and wherein the said act by its own terms did "not go into effect."' '

"The foregoing is submitted, as stated, under the provisions of Section 7311, of the Code 1923.

"This February 9, 1939."

In response to the foregoing this court has just received an opinion which we here set out in full:

"The question here under consideration is whether section 47 of the Alabama Beverage Control Act of February 2, 1937, page 40 (at page 80) is effective in a county where a majority of the electors voting in said election voted 'no' on the question of whether the sale and distribution of alcoholic beverages shall be legal in that county.—See section 51 of the Act, p. 81.

"Section 47, supra, is as follows: 'Counterfeit stamps, crowns or lids: That whoever manufactures,' buys, sells, offers for sale, or has in his or its possession any reproduction or counterfeit of the Alabama Revenue Stamps, Crowns or Lids provided for in this Act, or stamps, crowns or lids used to identify articles sold and/or distributed by State Liquor Stores, is guilty of a felony and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than a year and a day, nor more than ten (10) years, and in addition, may be fined not less than Two Thousand ($2,000.00) Dollars, nor more than Ten Thousand ($10,000.00) Dollars.'

"We have heretofore held that the Act is not effective in a 'dry' county, so as to authorize the possession of such liquor in that county by one who purchased it in a 'wet' county under authority of the Act. Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920. That case gave emphasis to that feature of section 51, supra, which provided that 'this Act shall not go into effect in such [so called dry] County, and all laws prohibiting the manufacture and sale of alcoholic liquors or beverages now in force and effect in Alabama shall remain in full force and effect in every such county.' And in the same section as to dry counties, 'the Statutes of Alabama prohibiting the manufacture, sale or distribution of alcoholic beverages shall remain in full force and effect.'

"Section 47, supra, was enacted to prevent evasions of tax features of the law, and if it does not apply in a dry county it would lose its value to a large extent and not accomplish the evident intent of the Legislature.

"There are other features of the Act which have application to dry counties notably section 18, p. 56, which provides for licenses to be issued for the sale in certain kinds of railroad cars for consumption while en route on the railroad. There may be others which we will not undertake to find.

"The Act should not be controlled by any certain isolated extracts from it, but rather by a study of the animating current which permeates it.

"The prohibition laws of Alabama in existence before the Alabama Beverage Control Act was enacted were complete in every detail. Many features existed merely to prevent evasions. An indictment in broad language was held to be sufficient and to embrace any device or substitute. Section 4644, Code; Noltey v. State, 225 Ala. 584, 144 So. 457. They are set out in Chapter 167, Code, consisting of sixteen articles —sections 4615 to 4800, and those enacted subsequent to the Code of 1923. Their purpose is declared to be to suppress the evils of intemperance. They create many offenses both felonies and misdemeanors.— See Slater v. State, 230 Ala. 320, 162 So. 130.

"When the Alabama Beverage Control Act, section 51, provided that it shall not go into effect in a dry county, and that all laws prohibiting the *manufacture and sale* of alcoholic liquors shall remain in force in them, we think it meant, as stated by the Court of Appeals in the Williams case, supra, that the said Act should not be there effective to the extent that it conflicts with existing laws which suppress the evils of intemperance and prohibit evasions and subterfuges and which provide for crimes and penalties and prescribe remedies, including the entire body of such laws, except as may be otherwise apparent in it. This does not prevent the application in dry counties of such features as were evidently intended to apply there.

"We are clear to the conclusion that section 47, supra, is of the latter class and has effect in dry counties, as a proper interpretation of the language of section 51, supra."

The question involved having been decided adversely to the contention of appellant by the Supreme Court, in the opinion, supra, there is no room, or necessity, for further discussion upon this point, as under the statutes, this court is governed by the holdings and decisions of the Supreme Court. Code 1923, Sections 7311, 7318.

The next question raised by the demurrer is, that the indictment is fatally defective and void in failing to aver that the offense complained of was committed subsequent to the passage of the act, supra, which created the offense.

We are not in accord with the insistence to the effect that the single count in the indictment here is fatally defective and void; but we are of the opinion said count is defective, uncertain and ambiguous, and hence, under the general, and oft announced rule, subject to the demurrer interposed. The indictment charged a new offense and covers a period both when the thing charged was and was not a violation of the law.

There are two express provisions of our constitution pertinent as to the point of decision under discussion: (1) The accused has the constitutional right to "demand the nature and cause of the accusation * * * against him * * * to have a copy thereof." Const.1901, Art. 1, Sec. 6; and (2), "no person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied." Const. 1901, Art. 1, section 7.

In support of the holding hereinabove expressed we cite the following authorities: Bibb v. State, 83 Ala. 84, 3 So. 711; Marks v. State, 159 Ala. 71, 89, 48 So. 864, 133 Am.St.Rep. 20; Ex parte State ex rel. Atty. Gen., (Coker v. State), 207 Ala. 656, 93 So. 383. In the Coker case, supra, the court held that where an indictment charges a new offense and covers a period when the thing charged was and was not a violation of the law it was defective upon appropriate demurrer for a failure to aver the time of the commission of the alleged offense.

Of the same import are the following authorities: Trent v. State, 15 Ala.App. 485, 73 So. 834; Miller v. State, 16 Ala.App. 534, 79 So. 314; Howard v. State, 17 Ala.App. 464, 86 So. 172; Savage v. State, 18 Ala. App. 299, 92 So. 19; Laminack v. State, 18 Ala.App. 400, 92 So. 505, 506; Clark v. State, 18 Ala.App. 217, 90 So. 16; Kelly v. State, 171 Ala. 44, 55 So. 141.

Appellant complains of the alleged arbitrary action of the court in declining to approve his bill of exceptions for the reason it was not presented in time. In this connection other insistent argument is indulged. We perforce pretermit discussion of these questions (1) as being dehors the

record, and (2) as not being necessary from what has been hereinabove stated.

Reversed and remanded.

PER CURIAM.

Oct. 3, 1939. Affirmed on authority of Holt v. State, 238 Ala. 219, 193 So. 101.

On Rehearing. Oct. 31, 1939.

BRICKEN, Presiding Judge.

The strenuous insistences of earnest counsel for appellant, presented to this Court in the application for rehearing, to the effect that this Court (the Court of Appeals) "is charged with the decision in this cause, and are not bound to follow the rulings of the Supreme Court", may not and cannot be sustained, in view of the existing statute, section 7318 of the Code of 1923, which expressly provides: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the constitution of the state."

In this case but two salient points of decision are involved and presented. By the two opinions heretofore rendered, 193 So. 89, 101,[1] the Supreme Court has decided each of said questions adversely to the contention of appellant. Thus, notwithstanding the personal views of the writer, the judgment here to be rendered, under the law, must conform to and be controlled by the decisions of the Supreme Court. In view of the decisions of the Supreme Court we, therefore, must overrule this application for rehearing. It is so ordered.

Application for rehearing overruled.

