193 So. 101

### HOLT v. STATE.

8 Div. 990.

Supreme Court of Alabama.

June 22, 1939.

See, also, Holt v. State, ante, p. 2, 193 So. 89.

Thos.· S. Lawson, Atty. Gen., Edwina Mitchell, Asst. Atty. Gen., and Robt. T. Simpson, Jr., Solicitor, of Florence, for the State.

Murphy & Pounders, of Florence, opposed.

THOMAS, Justice.

The petition for certiorari to review the judgment of the Court of Appeals in reversing and remanding the cause for that the indictment is defective, uncertain and ambiguous, and subject to the grounds of demurrer interposed, is before this court for decision.

The indictment is in the following words: "The Grand Jury of said county charge that before the finding of this indictment, Major Ingram and Burdette Holt, alias J. B. Holt, whose names are to the Grand Jury otherwise unknown, did buy or have in possession a reproduction or counterfeit of the Alabama Revenue Stamps provided for in the 'Alabama Beverage Control Act', or stamps used to identify articles sold and or distributed by State Liquor Stores of Alabama, against the peace and dignity of the State of Alabama."

The observations of the Court of Appeals relative to the provisions of the Con-, stitution are: "(1) The accused has the constitutional right to 'demand the nature and cause of the accusation * * * against him * * * to have a copy thereof.' Const.1901, Art. 1, Sec. 6; and (2), 'no person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied.' Const.1901, Art. 1, section 7."

The effect of our decisions is thus stated by the Court of Appeals:

"In support of the holding hereinabove expressed we cite the following authorities: Bibb v. State, 83 Ala. 84, 3 So. 711; Marks v. State, 159 Ala. 71, 89, 48 So. 864, 133 Am.St.Rep. 20; Ex parte State ex rel. Atty. Gen. (Coker v. State), 207 Ala. 656, 93 So. 383. In the Coker case, supra, the court held that where an indictment

charges a new offense and covers a period when the thing charged was and was not a violation of the law it was defective upon appropriate demurrer for a failure to aver the time of the commission of the alleged offense.

"Of the same import are the following authorities: Trent v. State, 15 Ala.App. 485, 73 So. 834; Miller v. State, 16 Ala.App. 534, 79 So. 314; Howard v. State, 17 Ala. App. 464, 86 So. 172; Savage v. State, 18 Ala. App. 299, 92 So. 19; Laminack v. State, 18 Ala.App. 400, 92 So. 505, 506; Clark v. State, 18 Ala.App. 217, 90 So. 16; Kelly v. State, 171 Ala. 44, 55 So. 141."

The later decisions are Williams v. State, 24 Ala.App. 262, 134 So. 34; Jinright v. State, 24 Ala.App. 277, 134 So. 456. This rule has long prevailed. The courts of this jurisdiction have established such rule. Bibb v. State, 83 Ala. 84, 3 So. 711.

The indictment was returned by the Grand Jury on the 10th day of September, 1937, and the Alabama Beverage Control Act, a penal statute effective after sixty days from passage, there being no special provision contrary to the general provisions of the Code, § 5531, became effective on April 3, 1937, the bill having passed on February 2, 1937. General and Local Acts, Extra Session, 1936–37, pp. 40–85.

The Attorney General's brief concedes that failing to aver the offense was committed subsequent to April 3, 1937, the indictment was not a compliance with the foregoing rule of law, and was not explicit in its words, and so did not inform the defendant of his offense and of time, the essence of the crime charged.

■ Does the indictment as framed give due notice to the defendant that the alleged offense was committed at a time when the penal statute had application to the act or acts with which he was being charged, and which he was called upon to defend? Code 1923, §§ 4534, 4538.

In the several decisions cited by the Court of Appeals, the accused could not know from the indictment charging him with the offense; that is, he could not know whether it was a felony or a misdemeanor and whether it covered a period of time prior to the time when the law became effective, the violation of which defendant was so charged.

The State's counsel makes answer as follows:

"The penal provision (Section 47, supra) [and upheld by this Court], which he was charged by this indictment with violating made the manufacture, sale or possession of counterfeit Alabama Revenue Stamps used to identify articles sold by the State Liquor Stores a felony and punishable by imprisonment in the penitentiary and it became effective on April 3rd, 1937. The stamps referred to in this Section were not in existence until April 16th, 1937. They were authorized by Section 41 of the Act, supra, which created the offense for counterfeiting them. Section 41 reads as follows:

" 'The Board is hereby authorized to design stamps, crowns or lids to be affixed to alcoholic beverages as herein defined sold in the State of Alabama, and shall require breweries, vendors or manufacturers of wine and distillers or wholesalers of all other alcoholic commodities to affix such stamps, crowns, or lids on beer, wines or liquors sold within the State.'

"In pursuance of this provision the Alabama Beverage Control Board designed and provided the stamps which the defendant in this case is charged with having in his possession counterfeits. It was common knowledge that the stamps in question were not in existence until April 16th, 1937. Records of the Alabama Beverage Control Board. There can be no counterfeit where no authentic article exists for counterfeiting. The offense charged by the indictment against this defendant was, therefore, impossible of commission prior to the date upon which it became a punishable offense. This being true, the defendant in this case could not have been mislead or in doubt as to the charge of which he was accused and the whole purpose of the law requiring a precise statement of time is to preserve to defendant his substantial rights by acquainting him with a specific charge against him."

The words of this indictment, that this defendant did "have in possession a reproduction or counterfeit of the Alabama Revenue Stamps provided for in the 'Alabama Beverage Control Act'," or had in possession "stamps used to identify articles sold and or distributed by State Liquor Stores of Alabama," are to the effect indicated by the Assistant Attorney General. The facts as charged in the indictment had no existence until after the passage of the law in question and its becoming operative under the Act, and due organization of

the Board provided for and the due ad-. ministration of the law. Therefore, the charge in the indictment was "due notice" as information to the defendant of what he was called upon to defend in the circuit court having jurisdiction of the matter and of his person.

It results that the Court of Appeals was in error in holding that the demurrer to the indictment was well taken. The writ is granted.

Writ granted.

All the Justices concur.