193 So. 103

## HOLT v. STATE.

### 8 Div. 23.

Supreme Court of Alabama.

Nov. 23, 1939.

Rehearing Denied Jan. 18, 1940.

Raymond Murphy, of Florence, for petitioner.

Thos. S. Lawson, Atty. Gen., opposed.

GARDNER, Justice.

The question of the sufficiency of the indictment as against the demurrer interposed thereto was discussed and determined in Holt v. State, Ala.Sup., 193 So. 101,[1] adversely to this petitioner, and the correctness of that decision does not appear to be now seriously disputed.

But petitioner earnestly insists that this Court, 193 So. 89,[2] erred in the opinion rendered the Court of Appeals in answer to that court's inquiry, and as set out by the Court of Appeals in its opinion in this case, 193 So. 98. It is argued that the conclusion is out of harmony with the holding in Williams v. State, 28 Ala.App. 73, 179 So. 915, by the Court of Appeals, and in which certiorari was denied by this Court. 235 Ala. 520, 179 So. 920.

But we think our opinion upon its face discloses the matter of differentiation between the two cases, and that in fact no inconsistency exists. The Williams case, supra, was considering one phase of the Alabama Beverage Control Act, Gen. Acts 1936-37, p. 40, and in this case an entirely separate and distinct feature of the Act is presented. It is simply a question of legislative intent, and the view entertained was that it was such intent section 47 of the Act dealing with counterfeit stamps be held applicable in all counties of the State, including dry counties, for the reason that to hold otherwise would render valueless to a large extent these provisions intended to prevent evasion of the law, and of consequence the desired end would fail of accomplishment. But the question needs no further discussion.

We are content with what has been previously said upon the question, and have only made brief response out of deference to the earnest insistence of petitioner's counsel.

It results that the writ is due to be denied. And it is so ordered.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

