197 So. 51

### DEAN v. STATE.
#### 4 Div. 489.
Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Denied March 12, 1940.

Affirmed on Mandate June 18, 1940.

Mulkey & Mulkey, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment was in three counts. To the first count the defendant interposed demurrer, which, being confessed by the State, was sustained; thereby eliminating the first count of the indictment, making it unnecessary for us to pass upon any question solely on the first count.

The second and third counts were as follows:

"Count 2. The grand jury of said county further charge that before the finding of this indictment that Arlin Dean and Clarence Deal, willfully or with intent to charge, injure or defraud the insurer set fire to the following described personal property: one 1937 Ford Sedan Automobile, the property of the said Arlin Dean, which property was at the time insured against loss or damage by fire.

"Count 3. The grand jury of said county further charge that before the finding of this indictment that Arlin Dean and Clarence Deal willfully set fire to, or burned or caused to be burned, or aided or procured the burning, an automobile, to-wit: one 1937 Ford Sedan Automobile, of the value of twenty-five dollars or more, the property of Arlin Dean; or with intent to defraud, set fire to or burned, or caused to be burned, or aided or procured the burning of an automobile, to-wit: one 1937 Ford Sedan Automobile, the property of the said Arlin Dean, against the peace and dignity of the State of Alabama."

To these two counts defendant interposed demurrer, taking the point that there is no allegation in the counts that the offense charged was committed subsequent to November 9, 1927, and it does not appear that the offense charged was committed at a time when the same constituted arson in the third degree.

Prior to the passage and approval of Section 3293 of the Code of 1923, and now appearing in Michie's Code as Section 3293, we had no Statute in this State covering the facts as set forth in counts two and three upon which this trial was had. It is only by virtue of the 1927 law, p. 554, supra, that such facts as are alleged when committed constitute arson in the third degree. Under the old section of the code, before amendment, there was no prohibition against a man burning his own property in order to defraud the insurer. Under the arson Statute, as it now exists, arson in the third degree is defined to be: "Any person who willfully sets fire to, or burns or causes to be burned, or who aids or procures the burning of any barracks, crib, rick, or stack of hay, or any cotton pen containing cotton, or corn crib, or corn pen containing corn, wheat, oats, barley or other grains, or vegetable products of any kind, or any automobile, motor truck, or other motor vehicle, or any other personal property not specifically named herein, such property being of the value of twenty-five dollars or more, the property of another; or any person who, with intent to defraud, sets fire to or burns or causes to be burned, or who aids or procures the burning of any of the property named in this section, the property of himself, shall be guilty of arson in the third degree, and must, upon conviction thereof, be punished by imprisonment in the penitentiary for not less than one nor more than five years. The following form of indictment (caption, commencement and conclusion to be supplied as provided by section 4558 of the Code) shall be sufficient under this section: A. B. willfully set fire to, or burned or caused to be burned, or aided or procured the burning (as the case may be) a crib, (or other building describing it), of the value of twenty-five dollars or more, the property of C. D.; or with intent to defraud set fire to or burned, or caused to be burned, or aided or procured the burning of a crib (or other property named in this section) the property of himself. (Form 10 (10) ). (1927, p. 554.)"

Under our Statute there is no limitation upon prosecution for arson. Prosecution for arson may be prosecuted without time limit. Code of 1923, Section 4928.

■ We therefore have an indictment charging an act which prior to September 9, 1927, was not a violation of any law, and an act which after September 9, 1927, became arson in the third degree. It appears therefore that the defendant is

charged with a new offense and covers a period both when the thing charged was and was not a violation of the law, and was defective upon appropriate demurrer for a failure to aver the time of the commission of the offense. This rule is recognized and approved by our Supreme Court in an opinion by Anderson, Chief Justice, in the case of Coker v. State, 207 Ala. 656, 93 So. 383, which case has been consistently followed by this Court and now we think must govern this appeal. Williams v. State, 24 Ala.App. 262, 134 So. 34; Jinright v. State, 24 Ala. App. 277, 134 So. 456; Miller v. State, 16 Ala.App. 534, 79 So. 314; Howard v. State, 17 Ala.App. 464, 86 So. 172.

The Attorney General directs our attention to the case of Burdette Holt v. State, Ala.Sup., 193 So. 101,[1] granting a writ of certiorari to this Court in the case of Holt v. State, ante, p. 100, 193 So. 98.

The principle announced in the Holt case, supra, is based upon a very different state of facts. It is held in the Holt case, supra, that the "Alabama Beverage Control Act", becoming operative, furnished due notice, or information, to the defendant of what he was called upon to defend in the court having jurisdiction of the matter and his person. In other words, the enactment of the "Alabama Beverage Control Act" gave due notice to the defendant of the time when the Statute under which he was being prosecuted became a law, rendering a mere specific allegation unnecessary. In the instant case there is no such notice.

Time being a material ingredient of the offense charged, there could have been no conviction under this amended Code until after September 9, 1927, for that reason, prior to that time the acts here charged would not have been a crime.

It was the contention of the State that the defendant burned his own automobile for the purpose of defrauding the insurer, and in order to prove the existence of a policy on the car that was burned the State sought to prove by its witness S. G. Wilkins the contents of the policy of insurance without demand having been made on the defendant for the production of the original policy either before the trial or during the trial. We think the court committed error in permitting oral testimony as to the contents of the policy of insurance without a demand first having been made on the defendant to produce it.

In Medley v. State, 25 Ala.App. 35, 140 So. 184, 185, this Court said: "It is the law that secondary evidence of the contents of a paper will not be received in evidence over timely and proper objection until the absence of the original has been accounted for, and, when the paper is in the possession of the defendant in a criminal case, proper demand must have been made upon him to produce the document." Wiley v. State, 16 Ala.App. 93 [75 So. 641]; Jernigan v. State, 81 Ala. 58 [1 So. 72]; Sims v. State, 155 Ala. 96 [46 So. 493]; Nailer v. State, 18 Ala.App. 127 [90 So. 131]; Snyder v. State, 78 Miss. 366 [29 So. 78].

Other questions presented in this record will probably not arise on another trial, but for the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

NOTE.—PER CURIAM. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.

PER CURIAM.

Affirmed on authority of Dean v. State (Sup.Ct. 4 Div. 145) 197 So. 53.