197 So. 53

**DEAN v. STATE.**

4 Div. 145.

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 21, 1940.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the motion.

Mulkey & Mulkey, of Geneva, opposed.

KNIGHT, Justice.

This cause comes before us upon petition of the State of Alabama, on relation of the Attorney General, for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of Arlin Dean v. State of Alabama, 29 Ala. App. 401, 197 So. 51.

Two questions are here presented for review. (a) Was the indictment under which the defendant was tried and convicted defective in not averring that the offense was committed subsequent to the passage and approval of the act amending §§ 3293 and 3294 of the Code, making it arson in the third degree for any person, with intent to injure or defraud the insurer, to set fire to, or burn, etc., certain designated property of the insured or of any other person? The amendatory act was approved September 9, 1927. General Acts 1927, p. 552.

The indictment was found and returned into the circuit court of Barbour County, Alabama, at the Fall Term 1937. And (b) Did the Court commit reversible error in permitting the state to prove by its witness S. G. Wilkins the contents of the policy of insurance on the automobile, which it was charged the defendant burned, without having first made demand on defendant for the production of the original policy, either before the trial or during the trial?

The act amending §§ 3293 and 3294 of the Code, as heretofore stated, was approved September 9, 1927, and became effective sixty days thereafter. So, then, the act had been in force for nearly ten years prior to the finding of the indictment.

The demurrer filed to the two counts of the indictment now before us took the point that there is no allegation in either of said counts that the offense charged was committed subsequent to November 9, 1927, and it does not appear that the offense, if any, was committed at a time when the acts charged constituted arson in the third degree.

Prior to the passage and approval of the said amendatory act, it is true, we had no statute in this state covering the acts set forth in counts two and three upon which the trial was had. This is pointed out in the opinion of the Court of Appeals, and is only by virtue of the 1927 act that the acts charged in said counts constitute arson in the third degree.

It is here well to note that statute fixes no limitation upon prosecutions for arson. Such prosecutions may be had without time limit. Code, § 4928.

It is also proper to note that the amendatory act making it arson in the third degree to burn one's own property for the purpose of defrauding an insurer, prescribes a form of indictment in such cases, and the act expressly provides that the form given shall be sufficient.

A reading of counts two and three of the indictment discloses that the solicitor substantially followed the form given in said act in drawing the same.

 We have uniformly held that an indictment following form prescribed by the legislature is sufficient. Billingslea v. State, 68 Ala. 486; Jones v. State, 50 Ala. 161; Wilson v. State, 84 Ala. 426, 4 So. 383.

 We are of the opinion, and so hold, that the indictment was not subject to the defects pointed out by defendant's demurrer, and the trial court properly overruled the same. In reversing the judgment of the trial court for not sustaining said demurrer, the Court of Appeals committed error.

 Nor are we impressed that the trial court committed error in permitting the state to prove by its witness Wilkins the contents of the policy of insurance, without first having made a demand on the defendant to produce it. The defendant was on trial for a criminal offense, and could not be required to give, or to furnish, testimony against himself, either by way of spoken words or by acts. Had the policy been in the possession of the prosecuting officer, or prosecutor, and secondary evidence had been offered of the contents of the instrument, the loss of the original and due and unavailing search therefor would be required before such secondary evidence would be admissible. The law does not require the state, in the prosecution of criminal cases, to do a foolish or futile thing, nor does it require the state to do an act that would violate the constitutional right of a defendant to remain silent, in order that the state may resort to secondary evidence of documents in the possession of the defendant.

 In many jurisdictions, Alabama included, the general rule is held that notice to produce the writing before secondary evidence is admissible, is inapplicable in cases where the primary evidence is in the control or possession of the accused or his accomplice. 16 C.J. p. 617, § 1219; McCormack v. State, 133 Ala. 202, 32 So. 268; Martinez v. State, 76 Fla. 159, 79 So. 751; Seymour v. State, 66 Fla. 133, 63 So. 7.

In McKnight v. United States, 6 Cir., 115 F. 972, 980, 54 C.C.A. 358, the reason why the rule is not applied in criminal cases is thus stated: "As it would be beyond the power of the court to require the accused to criminate himself by the production of the paper as evidence against himself, secondary evidence is admissible to show its contents. As the introduction of secondary evidence of a writing in such instances is founded upon proof showing the original to be in the possession of the defendant, it will ordinarily be in his power to produce it, if he regards it for his interest to do so. The court, as we have seen, cannot compel a defendant in a criminal case to produce an incriminating writing. The notice would therefore be futile as a means of compelling the production of the document, and refusal to comply therewith might work injustice to the defendant in the inferences drawn from its nonproduction."

 It follows that the opinion and judgment of the Court of Appeals, both as to the insufficiency of the indictment, and as to the admission of secondary evidence of the policy of insurance, are erroneous, and the judgment of said court must, therefore, be reversed, and the cause remanded to that court for further proceedings in conformity to the views here expressed. It is so ordered.

Writ granted, reversed and remanded.

All the Justices concur.